IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL INDICTMENT** |
| v. | **NO. 1:14-CR-401-WSD-GGB** |
| **CARLEY CARPENTER and RYAN SYLVESTRE,** | |
| **Defendants.** | |

# FINAL ORDER AND REPORT AND RECOMMENDATION

Defendants Carley Carpenter and Ryan Sylvestre are charged with conspiracy to commit bank fraud, (Doc. 1, Count One), and substantive counts of bank fraud, (Doc. 1, Counts Two – Nine). Sylvestre is also charged with aggravated identity theft. (Doc. 1, Count Fourteen). Pending before this court are Ms. Carpenter's Motion to Allow Participation in Voir Dire, (Doc. 29), and Motion to Suppress Statements, (Doc. 32). Her Motion to Allow Participation in Voir Dire is **DEFERRED** to the Honorable William S. Duffey.

An evidentiary hearing on the suppression motion was held before me on January 20, 2015. (Doc. 47). For the reasons discussed below, I recommend that Ms. Carpenter's Motion to Suppress Statements, (Doc. 32), be **DENIED**.

I.     **FACTS**

The only issue at the suppression hearing was the voluntariness of a statement made by Ms. Carpenter on the date of her arrest, November 5, 2014. (Doc. 47 at pp. 2-3). On that date, FBI Special Agents arrested Ms. Carpenter at her mother's residence, an apartment in Roswell, Geogia. (Id. at p. 4). The agents identified themselves and told Ms. Carpenter that they had a federal warrant for her arrest. (Id. at p. 5). As the agents and Ms. Carpenter were leaving the apartment complex, Ms. Carpenter asked one of the agents what the charges were on which she was being arrested. (Id. at p.8). The agent told her that she was being arrested for bank fraud. (Id.). Ms. Carpenter then said that she "didn't know anything about that." (Id.). The agent then explained that she was being arrested for "check fraud as it relates to Cap." (Id.). "Cap" was the nickname for Ms. Carpenter's boyfriend, co-defendant Richard Mason. (Id. at 8-9). Ms. Carpenter then volunteered that she was aware that Mason had been involved in check fraud in the past, but that she was not involved in it and had no knowledge of it.[1] (Id. at pp. 9, 17-18). The agent then told Ms. Carpenter that it was best for her not to talk about the case until after she had an attorney. (Id. at p. 18). Ms. Carpenter made no other statements about the case. The agents did not advise Ms.

---

[1] It is this statement that Carpenter is seeking to suppress. (See Doc. 47 at 2-3).

2

Carpenter of her Miranda[2] rights.  (Id. at p. 16).  Ms. Carpenter's attorney was given an opportunity to file a brief in support of his motion to suppress but chose not to do so.  (See id. at p. 20).

## II.     DISCUSSION

At the hearing, Ms. Carpenter's attorney referred to Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682 (1980).  (Doc. 47 at p. 19).  The well known general rule is that a person who is arrested and detained must be given Miranda warnings in order for her statements, made in response to interrogation by a law enforcement officer, to be used against her in court.  Miranda, 384 U.S. at 444-45, 86 S.Ct. at 1612.  Innis held that interrogation includes the functional equivalent of express questioning, i.e., "words or actions on the part of the police that they should have known were reasonably likely to elicit an incriminating response."  446 U.S. at 303, 100 S.Ct. at 1691.

Having carefully considered the totality of the circumstances and the applicable law, there is no basis to conclude that the FBI agent's statement of the charges, made in response to Ms. Carpenter's request was questioning or its functional equivalent.  See United States v. Cary, No. 1:07-cr-74-WSD, 2008 WL 80650 at *6 (N.D. Ga. Jan. 4, 2008).  Therefore, the lack of Miranda warnings does not render Ms. Carpenter's

---

[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966).

AO 72A
(Rev.8/82)

statement in response to the agent inadmissible. Further, the government proved that Ms. Carpenter's statement was voluntarily made.

### III. CONCLUSION

In conclusion, I **ORDER** that the Motion to Participate in Voir Dire [Doc. 29] be **DEFERRED** to the District Judge. I **RECOMMEND** that Ms. Carpenter's Motion to Suppress Statements, (Doc. 32), be **DENIED**.

There are no pending matters before me, and I am aware of no problems relating to the scheduling of this case for trial other than the following: Defendant Mason has not yet made an initial appearance in this court. According to the government he is in the Fulton County Detention Center. (Doc. 47 at p. 21).

Co-defendant April Hayes has already been certified ready for trial. It is now **ORDERED AND ADJUDGED** that this action as to Defendants Carpenter and Sylvestre is **READY FOR TRIAL**.

It is so **ORDERED** and **RECOMMENDED**, this 20th day of February, 2015.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

4

AO 72A (Rev.8/82)