IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

      v.

RICHAAD T. MASON, CARLEY
CARPENTER, RYAN
SYLVESTRE, and APRL M.
HAYES,

               Defendants.

                            1:14-cr-401-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final

Report and Recommendation [48] ("R&R").  The R&R considers Defendant

Carley Carpenter's ("Carpenter") Motion to Suppress Statements [32] ("Motion").

The Magistrate Judge recommended that the Motion be denied.

## I.      BACKGROUND

On October 28, 2014, Carpenter was charged with conspiracy to commit

bank fraud and substantive counts of bank fraud.  (Indictment [1] Counts One -

Nine).  On December 1, 2014, Carpenter filed her Motion, requesting that the

Court suppress any statements made by Carpenter to law enforcement after her

arrest.  (Motion at 2).

On January 20, 2015, the Magistrate Judge held an evidentiary hearing (the "Hearing") on the Motion.  At the Hearing, testimony was presented that established that FBI agents identified themselves to Carpenter, informed her that they had a federal warrant for her arrest, and arrested her.  (R&R at 2).  At the time of her arrest, the FBI agents did not advise Carpenter of her rights under Miranda v. Arizona, 384 U.S. 436 (1966).  (Id. at 2-3).  At the scene of her arrest, Carpenter asked the agents what the charges against her were, and she was told she was being arrested for bank fraud.  (Id. at 2).  Carpenter said that she "didn't know anything about that."  (Id.).  The agent then explained that she was being arrested for "check fraud as it relates to Cap," a nickname of Carpenter's boyfriend, co-defendant Richaad Mason, also known as Richard Mason.  (Id.).  Carpenter then stated that she was aware that Mason had been involved in check fraud in the past, but that she was not involved in it and had no knowledge of it.  (Id.).  Carpenter made no other statements about the case.  (Id.).  The agent told Carpenter that it was best for her not to talk about her case until she had an attorney.  (Id.).

The Magistrate Judge, after considering the testimony presented at the Hearing, concluded that the lack of a Miranda warning does not render Carpenter's statement inadmissible and recommended that the Court deny Carpenter's Motion.

## II.  DISCUSSION

### A.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.  Analysis

Petitioner did not object to the Magistrate Judge's R&R and she chose not to file a brief in support of her Motion.  The Court thus reviews the Magistrate Judge's findings and recommendations for plain error.  See Slay 714 F.2d at 1095.

Warnings under Miranda "are required before any statement may be admitted . . . elicited from a person in custody through interrogation."  Endress v. Dugger, 880 F.2d 1244, 1248 (11th Cir. 1989).  The Supreme Court has

held that "interrogation" includes "words or actions on the part of the police that they should have known were reasonably likely to elicit an incriminating response." Rhode Island v. Innis, 446 U.S. 291, 303 (1980).

The Magistrate Judge concluded, after considering the totality of the circumstances surrounding Carpenter's statement, that there was no basis to conclude that the FBI agent's response to Carpenter's question regarding the charges against her was an interrogation or its equivalent. (R&R at 3). The Magistrate Judge also concluded that Carpenter's statement was voluntarily made. The Court notes that the FBI agent's only statement to Carpenter was to inform her of the charges brought against her in response to her question and, when she volunteered a response, the agent recommended that she not make any statements until she has an attorney. On the record here, the Court finds no plain error in the Magistrate Judge's findings and recommendation that Carpenter's Motion be denied. See Slay, 714 F.2d at 1095.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [48] is **ADOPTED**.

4

**IT IS FURTHER ORDERED** that Defendant Carley Carpenter's Motion to Suppress Statements [32] is **DENIED**.

**SO ORDERED** this 22nd day of May, 2015.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE